Filed 1/22/14  P. v. Olivas CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059007 |
| v. | (Super.Ct.No. FSB1003940) |
| CLAUDIA OLIVAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  William Jefferson Powell IV, Judge.  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Pursuant to a plea agreement, defendant and appellant Claudia Olivas pled no contest to grand theft. (Pen. Code, § 487, subd. (a).)[1] As part of the plea, defendant agreed to pay restitution to four victims, including Ewelina L. On July 22, 2011, a trial court placed defendant on probation for a period of three years on specified conditions, including that she pay restitution to the victims in the total amount of $6,635, plus a 10% administrative fee. The restitution order was subsequently modified.

On June 25, 2013, defendant filed a timely notice of appeal from the modified restitution order. We affirm.

PROCEDURAL BACKGROUND

On July 22, 2011, the court placed defendant on probation. The terms of her probation required her to cooperate in the payment of victim restitution with her two codefendants (the codefendants). The terms required them to pay restitution to victims James C. and Serena D.

At a postdisposition hearing, defendant was ordered to appear at a restitution hearing on February 17, 2012. After numerous continuances, the hearing was held on April 27, 2012. The court modified defendant's probation to add the condition that she pay restitution to victim Jennifer B. in the amount of $3,106, plus a 10% administrative fee.

On November 7, 2012, another restitution hearing was held, at which the People requested that the court order restitution be paid in the amount of $2,600 to victim

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

Ewelina L.  Defendant submitted, and the court added a probation term requiring her to pay restitution to Ewelina L. accordingly.

On June 20, 2013, a final restitution hearing was held.  The probation officer had submitted a restitution memo recommending that the court modify the restitution order with regard to Ewelina L. to require defendant to pay a total of $6,162.72, plus a 10% administrative fee.   The recommendation was based on letters and emails the probation officer had received from Ewelina L., copies of which were attached to the restitution memo.  The court reviewed the restitution memo and supporting documentation, and discussed the matter in chambers with the parties.  Defense counsel objected to the modification, arguing that the supporting documents were hearsay.  Defense counsel did not come forward with any contrary information to challenge the amount being recommended.  Referring to calculations made during the chambers conference, the court concluded it was satisfied that there was sufficient documentation to support the amount requested.  It thus ordered defendant to pay restitution to Ewelina L. in accordance with the probation officer's recommendation.  The court made the order joint and several with the codefendants.

ANALYSIS

After the notice of appeal was filed, this court appointed counsel to represent defendant.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief statement of the facts, and identifying

3

one potential arguable issue: whether the modified restitution order payable to Ewelina L. was proper.

Defendant was offered an opportunity to file a personal supplemental brief, which she has not done. Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.

4